## B. M. JONES v. R. M. ROBINSON, TRUSTEE.

**Judicial Sales—Irregularities Not Effecting Substantial Right Not Sufficient to Set Aside Sale.**

Irregularities which do not affect the substantial rights of the parties are not sufficient to set aside a sale made under a judgment where the confirmation is made without objection.

**Judicial Sales—Commissioner Trustee for Debtor—Exemptions—Partition.**

In view of the fact that the court's commissioner was the trustee selected by the debtor to sell his estate and apply the proceeds

to the payment of his debts, it was not improper that he should be intrusted with the duty of setting apart to the heirs and distributees of the debtor such property as was exempt from execution, nor that he should be permitted to make a division of the land.

### APPEAL FROM GARRARD CIRCUIT COURT.

#### December 8, 1870.

OPINION BY JUDGE LINDSAY:

The failure of the court, in the judgment complained of, to give at least some general directions as to the time of the sale of the real estate was doubtless an irregularity. It was also irregular to direct the personal property to be sold upon a credit of six months instead of three months.

But the record before this court shows that appellant did not object to the confirmation of the sale of the real estate made under said judgment and that the notes executed for the personal property fell due before he was entitled to receive any part of the proceeds of the sale upon his claim. We conclude that his substantial rights were in no wise prejudiced by either of said errors.

Although the judgment did direct the commissioner to collect the sale notes, and did not as it should have been done require him to execute the bond prescribed by the statute, yet it appears that immediately after the confirmation of the sale, and before any portion of the bonds had been collected, the commissioner was required by the court to execute the prescribed bond, and that he did in point of fact do so.

In view of the fact that the court's commissioner was the trustee selected by the debtor to sell his estate and apply the proceeds to the payment of his debts, and that it was only necessary for him to apply to the chancellor in order to be enabled to pass a perfect title to the property sold. We do not think that it was in this particular case improper that he should be entrusted with the duty of setting apart to the heirs and distributees of the debtor such property as was exempt from sale under execution, nor that he should be permitted to exercise his own judgment in the division of the lands prior to the sale.

Any abuse of such power or discretion could, and doubtless

would have been corrected by the court, upon the motion of either one of the parties in interest. The fact that neither the appellant nor any other creditor objected to the confirmation of the division and sale of the land which by reason of the approval of the court was in point of fact its own act, inclines us to the conclusion that there was no abuse of discretion on the part of the commissioner.

We are of opinion that none of. the errors or irregularities complained of by appellant injuriously affect his substantial rights, and the judgment of the court below is therefore affirmed.

*Bradley, for appellant.*

*Dunlap, for appellee.*